IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:24-CV-263-RP |
| QI XIANGSONG d/b/a CARDOQI, | | |
| Defendant. | | |

**ORDER**

Before the Court is Plaintiff YETI Coolers, LLC's ("YETI") *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3). (Dkt. 4). Having considered the motion and the relevant law, the Court finds that it should be denied without prejudice.

**I. BACKGROUND**

YETI filed its complaint on March 8, 2024, alleging that CARDOQI's 20-ounce tumbler products infringe YETI's trade dress rights in its 20-ounce Rambler Tumblers. (Compl., Dkt. 1). The same day, YETI filed its *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3). (Dkt. 4). YETI asks the Court to allow it to serve Defendant Qi Xiangsong d/b/a CARDOQI ("CARDOQI") by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service. (*Id.* at 2).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f) provides for service on a foreign individual outside the United States. Foreign individuals may be served "by any internationally agreed means of service that is reasonably calculated to give notice," including, but not limited to, the Hague Convention.

1

Fed. R. Civ. P. 4(f)(1). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be "by a method that is reasonably calculated to give notice" as provided for in foreign law, as directed by a foreign authority in response to a letter rogatory or letter of request, or by personal or mail service (unless prohibited by foreign law). Fed. R. Civ. P. 4(f)(2). A plaintiff may also serve a foreign individual "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h) governs service of process on foreign businesses and similarly allows for service of a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f)(1)–(2). Rule 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. Fed. R. Civ. P. 4(f)(3). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Your True Nature, Inc. v. JF Show Store*, No. 1:22-CV-1205-RP, 2022 WL 20286305, at *1 (W.D. Tex. Nov. 17, 2022) (quotation and citation omitted); *see also Acqis LLC v. Lenovo Group Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2078035, at *1 (W.D. Tex. June 9, 2022) ("service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but rather, "merely one means among several which enables service of process on an international defendant") (citations and quotations omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Your True Nature, Inc.*, 2022 WL 20286305, at *1; *see also Natty Paint LLC v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Exhibit 1*, No. 1:22-CV-1193,

2023 WL 3681682, at *1 (W.D. Tex. Jan. 17, 2023) ("District courts have considerable discretion to authorize an alternative means of service so long as the method of service is not prohibited by international agreement.") (citations omitted).

A method of service of process must also comport with constitutional notions of due process. "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Your True Nature, Inc.*, 2022 WL 20286305, at *1 (citing, *inter alia*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III. DISCUSSION

Thus, the Court proceeds to analyze (1) whether service of process by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service is permitted under Rule 4(f)(3) and (2) whether that method comports with due process.

### A. Rule 4(f)(3)

First, the court must determine whether service of process on defendants in China by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service is "prohibited by international agreement." Fed. R. Civ. P 4(f)(3). The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states) (last visited Apr. 5, 2024).

Service through a country's Central Authority is the principal means of service under the Hague Convention. *See* Hague Convention, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last visited Apr. 5, 2024). Article 10 of the Hague Convention, however,

3

preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used. (*Id.*, art. 10). China has expressly rejected service through the means enumerated in Article 10, including service through postal channels and through its judicial officers. *See* Declaration/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (stating the People's Republic of China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention") (last visited Apr. 5, 2024). However, Article 10 does not mention service by email or other electronic communications. Accordingly, the Court finds that China's objection to Article 10 does not prohibit alternative service of process by electronic communications to defendants located in China. *Your True Nature, Inc.*, 2022 WL 20286305, at *2. The Court therefore concludes that the Hague Convention and Rule 4(f)(3) do not prohibit service of process by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service.

### B. Due Process

Second, the Court considers whether service of process on CARDOQI by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service comports with constitutional due process—that is, whether this method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. The Court finds that the due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email address at issue is valid and successfully receiving messages. Here, YETI has only indicated that CARDOQI has a presence on the Internet and appears to tout its "Ask a question" button on its Amazon storefront. (Mot., Dkt. 4, at 4–5). However, the Court lacks any indicia that CARDOQI would in fact receive notice of the lawsuit if YETI served it by clicking the "Ask a question" button

on CARDOQI's Amazon.com Buyer-Seller Messaging Service. Because YETI has not demonstrated that CARDOQI would in fact receive notice of the lawsuit if YETI served it using this alternate method, the Court will deny the motion for alternate service without prejudice. YETI may renew its motion with evidence of recent communications to CARDOQI that demonstrates that service via the "Ask a question" button is a reliable method to provide CARDOQI with notice of the pendency of this action.[1]

## IV. CONCLUSION

For the foregoing reasons, YETI's *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3), (Dkt. 4), is **DENIED WITHOUT PREJUDICE**. YETI may renew its motion with evidence that the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service is a reliable means of communicating with CARDOQI.

**SIGNED** on April 8, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that service on persons in a foreign country is governed by Rule 4(f), which includes no time limit, unlike Rule 4(m). *Compare* Fed. R. Civ. P. 4(f) *with* Fed. R. Civ. P 4(m). This does not mean, however, that unlimited time for service exists. *Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012).