IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-263-RP |
| | § | |
| QI XIANGSONG *d/b/a* CARDOQI, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff YETI Coolers, LLC's ("YETI") Renewed *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3). (Dkt. 7). Having considered the motion and the relevant law, the Court finds that it should be granted.

**I. BACKGROUND**

YETI filed its complaint on March 8, 2024, alleging that Defendant Qi Xiangsong *d/b/a* CARDOQI's ("CARDOQI") 20-ounce tumbler products infringe YETI's trade dress rights in its 20-ounce Rambler Tumblers. (Compl., Dkt. 1). The same day, YETI filed its *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3). (Dkt. 4). YETI asked the Court to allow it to serve CARDOQI by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service. (*Id.* at 2). On April 8, 2024, the Court denied the motion without prejudice, finding that YETI had not demonstrated that CARDOQI would in fact receive notice of the lawsuit if YETI served it using this alternate method. (Order, Dkt. 6). On April 18, 2024, YETI filed the instant renewed motion for an order authorizing alternate service of process. (Dkt. 7). YETI notes that it sent a message to CARDOQI through CARDOQI's Amazon.com Buyer-Seller Messaging Service and

received a response a few hours later. (*Id.* at 2; *see also* Dkt. 7-6, at 3). YETI contends that this message exchange "shows that YETI's requested method of service using Amazon.com's Buyer-Seller Messaging Service is a reliable means of communicating with CARDOQI and satisfies due process." (Mot., Dkt. 7, at 3). Accordingly, YETI again asks the Court to allow it to serve CARDOQI by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides for service on a foreign individual outside the United States. Foreign individuals may be served "by any internationally agreed means of service that is reasonably calculated to give notice," including, but not limited to, the Hague Convention. Fed. R. Civ. P. 4(f)(1). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be "by a method that is reasonably calculated to give notice" as provided for in foreign law, as directed by a foreign authority in response to a letter rogatory or letter of request, or by personal or mail service (unless prohibited by foreign law). Fed. R. Civ. P. 4(f)(2). A plaintiff may also serve a foreign individual "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h) governs service of process on foreign businesses and similarly allows for service of a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f)(1)–(2). Rule 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. Fed. R. Civ. P. 4(f)(3). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt

service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Your True Nature, Inc. v. JF Show Store*, No. 1:22-CV-1205-RP, 2022 WL 20286305, at *1 (W.D. Tex. Nov. 17, 2022) (quotation and citation omitted); *see also Acqis LLC v. Lenovo Group Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2078035, at *1 (W.D. Tex. June 9, 2022) ("service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but rather, "merely one means among several which enables service of process on an international defendant") (citations and quotations omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Your True Nature, Inc.*, 2022 WL 20286305, at *1; *see also Natty Paint LLC v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Exhibit 1*, No. 1:22-CV-1193, 2023 WL 3681682, at *1 (W.D. Tex. Jan. 17, 2023) ("District courts have considerable discretion to authorize an alternative means of service so long as the method of service is not prohibited by international agreement.") (citations omitted).

A method of service of process must also comport with constitutional notions of due process. "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Your True Nature, Inc.*, 2022 WL 20286305, at *1 (citing, *inter alia*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III. DISCUSSION

As stated in the Court's earlier order, the Court has found that service of process by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service is permitted under Rule 4(f)(3). Accordingly, the remainder of this order focuses on whether this method comports with constitutional due process—that is, whether this method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. The Court finds that the due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email address at issue is valid and successfully receiving messages.

Here, the Court is satisfied that CARDOQI is successfully receiving messages through its Amazon.com Buyer-Seller Messaging Service. YETI notes that it sent a message to CARDOQI through CARDOQI's Amazon.com Buyer-Seller Messaging Service and received a response a few hours later. (Mot., Dkt. 7, at 2; *see also* Dkt. 7-6, at 3). Specifically, YETI's counsel sent the following message to CARDOQI: "Hi. I wanted to ask you a question about the MEZMUT 20 oz. tumblers." (*Id.*). A few hours later, CARDOQI sent the following reply to YETI's counsel: "Dear Anthony Thanks for your letter. Let us know if you have any questions and we'll do our best to answer them. Have a nice day." (*Id.*). YETI contends that this message exchange "shows that YETI's requested method of service using Amazon.com's Buyer-Seller Messaging Service is a reliable means of communicating with CARDOQI and satisfies due process." (Mot., Dkt. 7, at 3).

The Court agrees with YETI. The Court now has an indication that CARDOQI would receive notice of the lawsuit if YETI served it by clicking the "Ask a question" button on CARDOQI's Amazon.com Buyer-Seller Messaging Service. Accordingly, the Court finds that this is a reliable means of communicating with CARDOQI so as to provide CARDOQI with notice of the pendency of this action. Accordingly, the Court will grant YETI's renewed motion for alternate service.

### IV. CONCLUSION

For the foregoing reasons, YETI's Renewed *Ex Parte* Motion For An Order Authorizing Service Of Process On Defendant By Alternate Means Pursuant To Federal Rule Of Civil Procedure 4(f)(3), (Dkt. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that YETI is permitted to: (1) serve process on CARDOQI through Amazon.com's Buyer-Seller Messaging Service by YETI's counsel at Banner Witcoff; and (2) serve all other filings on CARDOQI using this method until CARDOQI appears in this action.

**SIGNED** on April 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE